The presiding Judge (Bay)
overruled the motion for the nonsuit, on the ground that he did not conceive it necessary in the action of trespass, to try titles to prove any actual trespass where the object of the suit appeared to be to try title only, and not for damages done the freehold, or for mesne profits. That the act of 1791, appeared to him to have a twofold object in view, first to abolish the old fictitious action of ejectment, and the string of subtilties attached to it; and at once, to go on to the trial of the right of freehold, in the real names of the parties claiming the land in dispute.
That in all cases, where damages were the object of the suit, an actual trespass must be proved; but where title only was the object, there it was unnecessary.
The defendant then went into proof of his title to the premises in question, and produced first, a grant to one Platt, dated 19th of June, 1772, for 180 acres of land, which it was alleged, included the whole of the rock in dis>» pute ; also, a deed of conveyance from Platt to himself for the same, dated 17th of March, 1795. Indeed, on inspection of the plat annexed to the grant under which the defendant claimed his title, this little island or rock was there very evidently delineated ; and the explanation of one of the surveyors sworn on the trial confirmed it, though the surveyor on the part of the plaintiff was of a different opinion on that point. But from the evidence of the thing itself arising out of a view of the plat and situation of the premises, and the corroborating testimony of the defendant’s surveyor, the Judge was strongly of opinion, and so charged the jury, that the defendant was entitled to a verdict. But the jury thought otherwise, and found for the plaintiff.
*424 1st. This was therefore a motion to set aside this verdicfrf with leave to enter a nonsuit,- or, if that should be refused,
2d. For a new trial, on the groun'd that the weight of evidence was strongly in favour of the defendant, on the real merits of the question.
As the first point submitted to the court was a new one.; and turned upon the construction of the act of assembly,' which had made so material an alteration in the law for re± covering landed property, the Judges took time to consider this case, and after mature deliberation were of opinion,- that the judge in the circuit court at Lancaster, should have sustained the motion for a nonsuit, as in every action of trespass on lands, it enters into the very nature and spirit of the remedy, that some injury, however small, shall have been committed on the premises; and unless something of that kind be proved on the trial, there is nothing for the jury on. which to found a verdict. A bare threat on the rock to prevent the plaintiff- from fishing, or any obstruction of that sort on the part of the defendant, or preventing a canoe from landing there, would have been sufficient for the purpose of supporting the action; but as nothing of that nature was proved, the cause of action failed and the defendant was entitled to a nonsuit. The act of 1791, did not alter the nature of the law, in order to enable a party to maintain an action of trespass; it only changed the old action of ejectment into an easier and more intelligible mode of trying titles to lands by this suit, but left all its essential requisites attached to it in every other respect.
As the Judges were of opinion that the defendant was entitled to a nonsuit in this case, they did not go into a consideration of the second ground, or motion for a new trial.-
, Rule for setting aside the verdict, and for leave to defendant to enter up the nonsuit made absolute.-
All the Judges present,